UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARL DADAILLE,

                        Petitioner,                               **MEMORANDUM AND ORDER**

—against—

                                                                                  09-CV-5036 (SLT)

DUKE TERRELL, Warden,
Metropolitan Detention Center, Brooklyn

                        Respondent,
------------------------------------------------------------------X

**TOWNES, United States District Judge:**

       Carl Dadaille ("Petitioner"), proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons (the "BOP") improperly applied 18 U.S.C. § 3624(c) ("Second Chance Act") in determining his eligibility for placement in a Residential Reentry Center ("RRC"), or a halfway house, specifically by not considering his case on an individualized basis as required by the statute. Petitioner brings this action against Duke Terrell, the Warden of the Metropolitan Detention Center in Brooklyn, New York ("Respondent"), where Petitioner is incarcerated. Petitioner seeks an order from this Court directing the BOP to reconsider him for an immediate RRC placement for a term of nine months pursuant to the Second Chance Act. Respondent asserts Petitioner's claim is procedurally barred because he failed to exhaust the administrative remedies available to him and, even if he had availed himself of the aforementioned remedies, his claim is meritless. For the reasons that follow, the Court denies Petitioner's petition.

**BACKGROUND**

       Petitioner was convicted on May 28, 2009, in the District Court for the Middle District of North Carolina, for his involvement in a conspiracy to obstruct justice, tampering with a witness,

1

and procuring another to commit perjury, in violation of 18 U.S.C. §§ 2, 1503(A), 1503(B)(3), and 1512(B)(1). He was sentenced on June 19, 2008 to a prison term of 33 months, followed by supervised release for a period of three years. Petitioner commenced serving his sentence on the same day but was given credit for time spent in custody between April 1, 2008 through April 3, 2008 and July 3, 2008 through May 27, 2009. On July 29, 2009, Petitioner was transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York, a minimum security prison. Petitioner's projected release date is November 23, 2010.

On August 10, 2009, Petitioner met with his Unit Team, the division of the BOP responsible for making RRC placement recommendations for prisoners at the MDC, for an Initial Classification. On October 2, 2009, Petitioner requested a nine-month RRC placement, expressing "social issues" that could prevent his reintegration into the community. On October 15, 2009, Petitioner's Unit Team completed his annual Residential Re-entry Center Consideration form ("RRC Form"). The RRC Form indicated the following factors were considered in formulating Petitioner's RRC placement: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement of the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the U.S. Sentencing Commission. Resp't. Br., Ex. 1. The RRC Form also indicates the Unit Team considered the inmate's need for services, public safety and the necessity of the BOP to manage its inmate population, as outlined in Program Statement 7310.04 Community Corrections Center Utilization and Transfer Procedure. *Id.* On October 19, 2009, Petitioner's case manager, Mrs. J. Bencebi, notified Petitioner that the BOP recommended eighty-nine to one

hundred eighteen days of RRC placement prior to his projected release date of November 23, 2010. Thus, the earliest date Petitioner could be placed in a RRC facility is July 29, 2010.

Petitioner submitted an informal resolution request to his Unit Team on October 19, 2009, requesting that his RRC placement be amended to nine months, Pet'r. Reply, Ex. D, but he never received a response. He filed a formal request for reconsideration to the warden on November 23, 2009, Pet'r. Reply, Ex. E, that was denied on December 23, 2009. Pet'r. Reply, Ex. F. There is no evidence in the record that Petitioner pursued any further administrative appeals. Petitioner filed the instant petition on November 9, 2009.[1]

## DISCUSSION

### I. Petitioner's Failure to Exhaust Available Administrative Remedies

The Second Circuit has established that a prerequisite to federal habeas relief pursuant to § 2241 is the exhaustion of administrative remedies. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). However, the requirement of exhaustion regarding § 2241 petitions is "prudential, not statutory." *Pimentel v. Gonzales*, 367 F. Supp. 2d 365, 371 (E.D.N.Y. 2005). The exhaustion requirement "protect[s] the authority of administrative agencies, limit[s] interference in agency affairs, develop[s] the factual record to make judicial review more efficient, and resolv[es] issues to render judicial review unnecessary." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003). Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the court that the failure to exhaust should be excused. *See Carmona*, 243 F.3d at 634. "Exhaustion of administrative remedies may not be required when '(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial

---

[1] Although Petitioner's case was filed under an additional case number, 09-CV-5219, both cases were consolidated on April 15, 2010 under the existing case number 09-CV-5036.

3

relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.'" *Beharry*, 329 F.3d at 62 (quoting *Able v. United States*, 88 F.3d 1280, 1288 (2d Cir. 1996)).

Federal inmates who seek to challenge the conditions of their confinement must first utilize the Administrative Remedy Program ("the Program"), developed by the BOP. *See Lopez v. Terrell*, No. 09 Civ. 8148, 2010 U.S. Dist. LEXIS 28900, at *12-14 (S.D.N.Y. Mar. 26, 2010); *see also* 28 C.F.R. §§ 542.10-19. Inmates must exhaust each of four steps in the Program: (1) attempting to resolve the issue informally, *see* 28 C.F.R. § 542.13; (2) submitting a formal written Administrative Remedy Request to the institution at which the inmate is housed within twenty days of the date on which the basis for the complaint occurred, *see id.* § 542.14; (3) appealing an unfavorable decision at the institutional level to the Regional Director of the BOP within twenty calendar days of the date the warden signed the response, *see id.* § 542.15; and (4) appealing an unfavorable decision at the regional level to the BOP's General Counsel within thirty calendar days of the date the Regional Director signed the response. *See id.*

Respondent argues Petitioner did not exhaust the remedies available in the Program and therefore, his claim must be dismissed. Petitioner raises two grounds on which this Court may waive the exhaustion requirement. First, Petitioner asserts utilization of the Program would be futile because "the BOP has adapted a clear and inflexible policy regarding its interpretation of 18 U.S.C. 3624(C)." Pet'r. Br. at 5. A court can excuse a failure to exhaust administrative remedies "when such exhaustion would be futile or where the agency has predetermined the issue before it." *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 180 (S.D.N.Y. 2009) (internal quotation omitted). Petitioner cites two memoranda addressed to BOP officials relating to inmate requests for transfers to RRCs: a memorandum dated April 14, 2008 (the "April 14

4

Memorandum"), instructing its staff on how to implement the Second Chance Act in the period before new regulations were issued, and a second memorandum dated April 22, 2009 (the "April 22 Memorandum"), describing the changes the Second Chance Act has made with respect to the BOP's statutory authority for making RRC decisions (collectively, the "BOP Memoranda").[2] Specifically, Petitioner cites language in the BOP Memoranda that requires written approval from the Regional Director if staff determines an inmate should be placed in an RRC for more than six months. Pet'r. Br., Ex. C. Petitioner contends that the BOP Memoranda demonstrate that the BOP has ignored the Second Chance Act and treats six months before release as the effective maximum for transfer to a RRC.

The Court finds that the BOP Memoranda do not preclude the relief he seeks. In fact, consistent with the Second Chance Act, the BOP Memoranda instruct BOP officials that inmates are eligible to be transferred to a RRC seventeen to nineteen months prior to their release and that the maximum length of a pre-release placement in a RRC is the twelve months prescribed by the Second Chance Act. The April 22 Memorandum provides that the "pre-release RRC placement [timeframe] is increased to [a maximum of] 12 months (from 6 months) and there is no longer a limit based on the percentage of term to be served." While the April 22 Memorandum also provides that BOP "experience reflects inmates pre-release RRC needs can usually be accommodated by a placement of six months or less," nothing in the April 22 Memorandum restricts pre-release RRC placements to a maximum of six months. Indeed,

---

[2] Petitioner references an April 14, 2008 memorandum and a November 14, 2008 memorandum as support for the BOP's alleged policy of utilizing a six month cap for RRC placements, however, Petitioner submitted memoranda dated April 14, 2008 and April 22, 2009. Petitioner states the November 14, 2008 memorandum was not made available by MDC for review and indeed, the Court finds no other reference to this memorandum in the record. However, the Court notes that the District Court for the Southern District of New York examined a memorandum, dated November 14, 2008, while examining a substantially similar issue. *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009).

5

Petitioner fails to identify any official BOP policy that contradicts the BOP Memoranda or categorically precludes the relief Petitioner seeks. Thus, the BOP Memoranda do not create an inflexible policy that make the administrative appeals process futile, and the Court is thus persuaded that Petitioner is not excused from the exhaustion requirement due to the BOP Memoranda. *See Rosenthal v. Killian,* 667 F. Supp. 2d 364, 367 (S.D.N.Y. 2009).

Petitioner's second basis for waiver of the exhaustion requirement is his argument that exhausting the remedies under the Program would render the issue moot and strip Petitioner of any genuine opportunity for adequate relief. *See Goren v. Apker,* No. 05 Civ. 9006, 2006 U.S. Dist. LEXIS 22110, at *11 (S.D.N.Y. Apr. 20, 2006) ([C]ourts have waived the requirement when the pursuit of administrative remedies would . . . render the legal issue moot."). Petitioner argues the average time for a full exhaustion of administrative remedies takes anywhere from five to seven months. For example, Petitioner submitted an informal resolution request to his Unit Team on October 19, 2009, but never received a response. He also filed a formal request for reconsideration to the warden on November 23, 2009 that was denied one month later, on December 23, 2009.

Petitioner provides no evidence or authority that the average time for full exhaustion of administrative remedies is five to seven months. Petitioner has not made a showing that exhausting the administrative remedies available to him would render his claim moot. Even if this Court conceded Plaintiff's failure to exhaust his administrative remedies was excused, his claim, nevertheless, fails because it is meritless.

## II. The BOP's Consideration of Petitioner's RRC Placement Pursuant to the Second Chance Act

The Second Chance Act, 18 U.S.C. § 3624(c), governs RRC assignments. It provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment

6

spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The Act mandates that the pre-release placement be "determined on an individual basis" and be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(B) and (C). The BOP has discretionary authority in directing the place of imprisonment as well as the transfer of federal prisoners to RRCs. 18 U.S.C. § 3621(b); *see Levine v. Apker*, 455 F.3d 71, 80 (2d Cir. 2006) ("Congress's use of the language 'may designate' in [18 U.S.C. § 3621(b)] seemingly endows the BOP with 'broad discretion.'"). When determining the place of imprisonment or transfers, the BOP must consider:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence -- (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted or (b) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3624(c)(6); 18 U.S.C. § 3621(b).

"The statute indicates that the BOP may place a prisoner where it wishes, so long as it considers the factors enumerated in § 3621." *Levine*, 455 F.3d at 82 (quoting *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 245 (3d Cir. 2005)). "Furthermore, the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors." *Daraio v. Lappin*, No. 08-CV-1812, 2009 U.S. Dist. LEXIS 9675, at *16 (D. Conn.

7

Feb. 9, 2009) (citing 18 U.S.C. § 3624(c)(1)). Therefore, in order for a court to order the BOP to reconsider its placement recommendation, the court must find that the BOP has abused its discretion by failing to consider the statutory factors. *See Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009) ("[O]nce the court has determined that the BOP did not exceed its authority in reaching its decision, it is beyond the purview of the court to second guess the outcome.")

The Court finds that the BOP was within its authority to grant Petitioner eighty-nine to one hundred eighteen days of RRC placement. The RRC Form indicated the BOP considered the statutorily mandated factors in considering the length of Petitioner's RRC placement. Petitioner's recitation of factual circumstances which support a longer RRC placement are irrelevant, as he fails to demonstrate that his Unit Team failed to provide an individualized RRC placement decision. As the Unit Team's recommendation considered the mandated statutory factors listed in 18 U.S.C. § 3621(b), the Court may not disturb this recommendation, especially in light of the broad discretion the BOP was given by Congress. *See Levine*, 455 F.3d at 83 ("The BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility."); *see also Daraio*, 2009 U.S. Dist. LEXIS 9675, at *22 (denying habeas relief where BOP made RRC determination upon statutory factors listed in 18 U.S.C. § 3621(b) despite petitioner's request for a longer RRC placement based on her child's anticipated housing needs).

The Court rejects Petitioner's argument that he was not afforded an individualized assessment because the BOP has adopted a policy "which artificially places a six month . . . limit on the duration of RRC placement[s]." Pet. Reply at 5. The BOP Memoranda submitted by Plaintiff do not prove the BOP considers inappropriate or improper factors in determining a

prisoner's RRC placement. Further, "[a]lthough the BOP must consider all five statutory factors in its placement determination, the list is non-exclusive." *Daraio*, 2009 U.S. Dist. LEXIS 9675, at *14. The Courts should not second guess BOP determinations regarding individualized placements or substitute their judgment for that of the BOP. *Lopez v. Apker*, No. 05 Civ. 4522, 2005 U.S. Dist. LEXIS 19791, at *15 (S.D.N.Y. Sept. 8, 2005). Thus, the Court finds that Respondent did not abuse its discretion in recommending Petitioner for a RRC placement of eighty-nine to one hundred eighteen days. *See Wright v. Lindsay*, No. 09-CV-4226, 2010 U.S. Dist. LEXIS 13950, at *15-16 (E.D.N.Y. Feb. 18, 2010) (rejecting "[petitioner's] argument that the MDC maintains a 'practice of categorically rejecting any inmate from receiving 'good faith' consideration' for more than a six month RRC placement[.]"); *Snyder v. Angelini*, No. 07-CV-3073, 2008 U.S. Dist. LEXIS 86460, at *3 (E.D.N.Y. Oct. 27, 2008) (upholding petitioner's RRC placement recommendation, despite the BOP's policy of requiring an "extraordinary justification" for a RRC placement longer than six months).

## CONCLUSION

The application for a writ of habeas corpus is denied, and the petition is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.

**SO ORDERED.**

/S/
/ SANDRA L. TOWNES
United States District Judge

Dated: May 10, 2010
Brooklyn, New York

9